**United States District Court**
**District of Massachusetts**

|   |   |   |
|---|---|---|
| KAZ USA, INC. ) | | |
|    Plaintiff, ) | | |
|        ) | | |
|   v. ) | **CIVIL ACTION** | |
|        ) | **No. 13-40037-TSH** | |
|        ) | | |
| E. MISHAN & SONS, INC. ) | | |
|    Defendant. ) | | |

<u>**MEMORANDUM OF DECISION AND ORDER ON DEFENDANT E. MISHAN & SONS, INC'S MOTION TO STAY LITIGATION PENDING REEXAMINATION OF THE PATENT-IN-SUIT (Docket No. 31)**</u>
**July 9, 2014**

**HILLMAN, D.J.**

**Background**

Plaintiff, KAZ USA, INC. ("KAZ") filed a Complaint against E. Mishan & Sons, Inc. ("E. Mishan") alleging Patent Infringement, in violation of 35 U.S.C. § 271, for alleged infringement of U.S. Patent No. 5,859,952 (the " '952 patent"). E. Mishan has filed an Answer to the Complaint; its affirmative defenses include non-infringement, invalidity and laches. E. Mishan has also filed a cross-claim seeking a declaratory judgment that it is not infringing the '952 patent (Count 1) and that the '952 patent is invalid (Count 2).

On November 19, 2013, the Court issued a Scheduling Order (Docket No. 23)("Scheduling Order"), adopting the parties' proposed deadlines. The Scheduling Order

provides that all fact discovery is to be completed by October 17, 2014, that expert reports will be served by December 19, 2014, all expert discovery completed by April 24, 2015, and dispositive motion practice completed by August 14, 2015, with a hearing to follow. As to patent specific discovery: preliminary infringement disclosures were due by December 19, 2013, preliminary invalidity and non-infringement disclosures were due by February 17, 2014, proposed claim constructions would be exchanged by June 17, 2014, preliminary claim construction briefs would be filed by July 8, 2014, responsive claim construction briefs would be exchanged by July 31, 2014, a joint claim construction and prehearing statement would be filed with the Court by August 21, 2014, and thereafter, the Court will schedule a Markman hearing and additional time, if necessary for supplemental expert discovery.

On December 19, 2013, KAZ filed its preliminary infringement disclosures (Docket No. 25). On February 17, 2014, E. Mishan filed it preliminary invalidity and non-infringement disclosures (Docket No. 28). At the status conference held on April 15, 2014, E. Mishan informed the Court that it had filed a request with the United States Patent and Trademark Office ("PTO") seeking reexamination of the '952 patent and requested that the date for exchanging proposed claim constructions be extended by 30 days. That request was granted was by the Court. Accordingly, the parties would exchange their proposed claim constructions by July 17, 2014, and related deadlines would be extended by 30 days.

E. Mishan filed its request for *ex parte* reexamination of the '952 patent[1] with the PTO on March 11, 2014, and at the request of the PTO, resubmitted it on April 1, 2014. On May 9, 2014, the PTO granted E. Mishan's request and ordered reexamination of all claims of the '952 patent, stating that: "the references cited by [KAZ] raise a substantial new question of

---

[1] Any person may filed a request with the PTO to reassess the patentability of a patent that has issued and has yet to expire. *See* 35 U.S.C. § 302.

2

patentability with respect to claims 1-7 of the '952 patent. Accordingly, claims 1-7 of the '952 patent will be reexamined." *See Decl. of John Zaccaria In Sup. Of Def. Em. Mishan & Sons, Inc.'s Mot. To Stay Lit. Pending Reexamination Of The Patent-In-Suit* (Docket No. 33)("*Zaccaria Decl.*"), at *Ex. B.*, p. 10.

Thereafter, E. Mishan filed Defendant E. Mishan &Sons, Inc.'s Motion To Stay Litigation Pending Reexamination Of The Patent-In-Suit (Docket No. 31). For the reasons set forth below, that motion is granted.

## Discussion

### *Standard of Review*

District courts have 'inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.' In determining whether a stay is appropriate, courts must consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay would simplify the issues in question and trial of the case; and (3) the stage of the litigation.
There is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery.' That policy gives full effect to a process that was intended to 'settle validity disputes more quickly and less expensively' than litigation, and to 'allow courts to refer patent validity questions to the expertise of the [PTO].'

*Boston Heart Diagnostics Corp. v. Health Diagnostics Lab., Inc.*, CIV. 13-13111-FDS, 2014 WL 2048436 (D. Mass. May 16, 2014)(internal citations and citations to quoted cases omitted).

Put another way "[a]llowing the PTO to determine complex, re-examination-specific issues of a patent's validity may resolve disputed issues, simplify these issues for trial or obviate the need for trial altogether. On the other hand, permitting an extended stay pending re-examination may prejudice valid patent-holders by preventing them from vindicating their rights for five to seven years." *ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d. 348, 350 (D. Mass. 2011)(internal citations and citations omitted).; *see also Baxter Int'l, Inc. v.*

3

*Fresenius Med. Care Holdings, Inc.,* 08 C 2389, 2008 WL 4395854 (N.D. Ill. Sept. 25, 2008)("Staying proceedings in the district court pending the resolution of a PTO reexamination may have numerous benefits for the parties and the court, including streamlining the case and simplifying the remaining issues, promoting settlement, and reducing the length and expense of litigation"). By neglecting to include an automatic stay provision within the patent reexamination statutory scheme, Congress left the determination of these conflicting considerations to the sound discretion of the courts. *ADA Solutions, Inc.*, 826 F.Supp.2d at 350.

*The Parties' Positions*

E. Mishan asserts that an analysis of these factors weighs heavily in favor of granting a stay because: (1) KAZ will not be unduly prejudiced or suffer a clear tactical disadvantage if the action is stayed; (2) granting the stay will simplify the issues and the trial of the case because in seventy-nine percent (79%) of such reexaminations, the challenged claims do not emerge intact; and (3) the litigation is in its early stages. KAZ, on the other hand, argues that the factors support denying a stay because: (1) it will be unduly prejudiced if the proceedings are stayed given that '952 patent expires on November 3, 2015; (2) the issues will not necessarily be simplified because in up to twenty-four percent (24%) of reexaminations, the claims emerge confirmed[2] and therefore, it is likely at least one of the seven challenged claims will remain intact; and (3) while the case is still in fact discovery, claim construction proceedings are scheduled for mid-July[3] and the parties have exchanged initial disclosures, discovery requests and infringement/validity disclosures. With respect to the last factor, KAZ also argues that the

---

[2] According to the PTO, as of September 13, 2013, since 1981, of the total *ex parte* examination requests filed by third parties, all claims are confirmed approximately twenty-one percent (21%) of the time, all claims are cancelled nine percent (9%) of the time, and one or more of claims are changed sixty-six percent (66%) of the time. *See Zaccaria Decl.*, at *Ex. C.*

[3] KAZ filed its opposition on June 2, 2014 and asserts therein that the parties exchange of claim constructions would take place a couple of weeks later, on June 17, 2014. However, the Court extended this deadline by 30 days at the April 15, 2014 status conference.

4

Court should consider the timing of E. Mishan's application for reexamination which was filed with the PTO approximately sixteen months after it first received written notice of infringement from KAZ (in January 2013) and over a year after being served with the Complaint (in March 2013).

*Application of the Factors*

**Undue Prejudice**

KAZ argues that it will be unduly prejudiced if the stay is granted because of the lengthy reexamination process[4]. More specifically, KAZ points out that given that the '952 patent will expire before the reexamination process is concluded, E. Mishan will be permitted to continue its infringing conduct and KAZ will be deprived of any opportunity to obtain injunctive relief,[5] thus preventing it from realizing " '[t]he essential attribute of [its] patent grant'—i.e., '[the] right to exclude competitors from infringing the patent.'" *KAZ Mem.*, at p. 3 (citation to quoted authority omitted). KAZ will be limited to seeking monetary damages and, given that E. Mishan is a direct competitor, will continue to suffer harm "such as loss of market share, loss of retail 'shelf space,' etc." *Id.*, at p. 4.

I find KAZ's argument in this regard somewhat disingenuous. For whatever reason, KAZ has not sought preliminary injunctive relief. Therefore, in accordance with the Scheduling Order (which was proposed by both parties and adopted by the Court) the soonest that KAZ

---

[4] A patent reexamination lasts an average of 27.8 months, with a median of 20.1 months—excluding the appeal period. *See Zaccaria Decl.*, at *Ex. C*. If the examiner's decision is appealed to the Patent Trial Appeal Board, the process lasts anywhere from 29-68 months with an average of 39 months, and if there is a subsequent appeal to the Federal Circuit, the entire process lasts anywhere from 56 to 115 months, with an average of 75 months. *See KAZ USA, INC's Opp. To Mishan's Mot. To Stay* (Docket No. 34)("*KAZ Mem.*"), at *Ex.B*, p. 11.

[5] Once the patent expires, injunctive relief is no longer available to the patent holder. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 733 F.3d 1369, 1374 (Fed. Cir. 2013)(Injunctive relief was no longer at issue because patent had expired).
.

5

could obtain injunctive relief is late August of 2015[6]. Thus, assuming that KAZ prevails, if the stay is denied, E. Mishan would be enjoined from selling its alleged infringing products for no more than a couple of months. *Cf. Tap Pharm. Products, Inc. v. Atrix Labs., Inc.*, 03 C 7822, 2004 WL 422697 (N.D. Ill. Mar. 3, 2004)(in determining whether party will be prejudiced, court considered that even if stay denied, patent may expire before trial is completed which supported grant of stay). Furthermore, at the hearing, counsel for E. Mishan represented[7] that the alleged infringing product, a person humidifier, has been redesigned so that there is no UV generator utilized—a UV generator on the inside of the product housing being an element of the claims in this case (the UV generator serves to kill germs in the humidifier's water supply). Currently, E. Mishan has about 6500 units of inventory remaining of two prior iterations of the product. The first iteration has a UV light on the outside of the product and the second iteration has non-UV lights on the inside and outside of the product's housing. E. Mishan sells approximately 10,000 units per year and therefore, it is likely that all of these units would be sold before an injunction could issue.[8] For this reason, assuming that the parties are direct competitors, which E. Mishan disputes, it is unlikely that the alleged infringing product will cut into KAZ's market share or

---

[6] This timetable assumes that the parties do not seek any further extensions of Scheduling Order deadlines and that after the Court holds a hearing on the parties' dispositive motions, rules in KAZ's favor and issues an injunction from the bench. This is a *highly* unlikely, if even possible, scenario, but one which the Court will adopt for purposes of this discussion.

[7] At the hearing, counsel for KAZ pointed out that none of the information concerning the iterations of the product in question was contained in E. Mishan's motion papers. I agree with counsel for KAZ that this information was not properly presented. Normally, I would not consider facts which were not sworn to by way of affidavit or declaration. However, the information is material to the issues being considered and rather than further delay these proceedings so that the information can be filed in the appropriate format, for purposes of this Memorandum and Order, I am accepting the factual averments made by Attorney Zaccaria at the hearing in his capacity as an officer of the Court. *Accord Genereux v. Raytheon Co.,* 13-1921, 2014 WL 2579908 (1st Cir. June 10, 2014)(express representation by an officer of the court is solemn undertaking). If KAZ finds evidence to rebut the factual assertions made by Attorney Zaccaria at the hearing, it can seek to vacate the stay.

[8] Counsel for E. Mishan represented that although the company advertised that the product iteration(s) utilized UV lights, tests were conducted that concluded to the contrary. The fact that E. Mishan may have made false representations regarding its products is irrelevant to the issues before me. It is also irrelevant whether these products actually utilized UV lights since even if I assume that they do and that they potentially infringe the '952 patent, the reality is they will be sold before any injunctive relief can be granted.

retail shelf space. And, if KAZ prevails, it would likely be adequately compensated through a reward of monetary damages. Therefore, any presumption of prejudice is rebutted. *See ADA Solutions*, 826 F.Supp.2d. at 351 (prejudice is heightened when parties are direct competitors and therefore, courts will presume prejudice).

I am disturbed by the timing of E. Mishan's request for the stay, which was filed some sixteen months after E. Mishan was first alerted it to the alleged infringement and a year after the Complaint was filed. I asked counsel for E. Mishan about its justification for the delay and the response rang hollow. I find that E. Mishan's actions create an inference that the delay was an attempt to obtain a tactical advantage. Nevertheless, given the length of time it takes for the PTO to complete a patent claim reexamination, given the facts of this case, it is difficult to discern how the Court's analysis would change if E. Mishan had promptly filed its request (except that this factor would weigh even more heavily in its favor). *See Boston Heart Diagnostics Corp*, 2014 WL 2048436, at *3 (early request for reexamination made before Complaint filed supports stay as evidence that defendant not seeking tactical advantage).

I am also not persuaded KAZ's argument that it will suffer a tactical disadvantage given the nature of the *ex parte* proceeding-- because E. Mishan will be able to sit on the "sidelines" doing nothing while it is forced to reveal its strategies and tactics and to expend money and resources prosecuting the reexamination. This would be true any time a stay is granted for an *ex parte* reexamination and therefore, such reasons are generally deemed insufficient, in and of themselves, to establish undue prejudice. *See Id.*, at 3 and cases cited therein. As to KAZ's argument that staying this case will deprive it of its chosen forum, E. Mishan adequately briefed this issue in its response, *see Def. E. Mishan & Sons, Inc.'s Reply Mem. In Sup. Of Mot. TO Stay Lit. Pending Reexamination of the Patent in Suit* (Docket No. 35), at pp. 5-6, and I see no need

7

to elaborate on its reasons as to why the argument is not compelling. Under the circumstances, I find that KAZ will not be unduly prejudiced, or that E. Mishan will obtain any tactical advantage if the case is stayed pending reexamination.

### Efficiency and Simplification Of Issues

All of the '952 patent claims are under reexamination—the '952 patent being the only patent-in-suit. Based on the statistics, *see* note 2, *supra*, some or all of the claims will either be cancelled or modified. "After reexamination, the Court undoubtedly would benefit from any analysis conducted by the PTO. Those factors are, to be sure, present in all cases. Indeed, '[i]t is little more than a tautology to state that reexamination will simplify the matters at issue.' But that simplification does weigh in favor of a stay to some extent." *Id.*, *Boston Heart Diagnostics,* 2014 WL 2048436 at *3 (internal citations and citation to quoted case omitted). Furthermore, if all claims are cancelled, this case will be resolved in favor of E. Mishan. On the whole, this factor ways in favor of a stay.

### The Stage of the Litigation

This case is in its very early stages. Little discovery has taken place and the parties have yet to exchange their claim constructions. Realizing that this factor thus weighs heavily in favor of granting the stay, KAZ focuses primarily on E. Mishan's delay in filing its request for reexamination with the PTO. I have discussed this issue in the context of the first factor and more particularly, in terms of whether E. Mishan delayed for the purpose of obtaining a tactical advantage-- which is the factor to which I find it most relevant. The bottom line is that this case is in its early stages and " '[s]tays pending reexamination are routinely granted for cases in the initial stages of litigation.' " *Id.* This factor weighs in favor of a stay.

### Weighing Of The Factors

KAZ has cited to numerous authorities it claims supports its position, and presented its legal arguments in the best possible light, given the paucity of facts in its favor.[9] However, I have considered the authorities cited by KAZ and find them either distinguishable or unpersuasive. Simply put, on the facts of this case, the factors weigh overwhelmingly in favor of granting the stay until the PTO has reexamined the '952 patent.

### Conclusion

Defendant E. Mishan & Sons, Inc's Motion To Stay Litigation Pending Reexamination Of The Patent-In-Suit (Docket No. 31) is ***granted***. The parties shall file a status report with the Court every 6 months, the first one being due on January 9, 2015. A status conference will be set for a date in the middle of 2015.

>  */s/ Timothy S. Hillman*
> TIMOTHY S. HILLMAN
> DISTRICT JUDGE

---

[9] Counsel for both parties are to be commended for their comprehensive, well written briefs, which, together with their oral argument, were of great assistance to the Court.